

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

June 17, 1975

The Honorable Harold J. Marburger
Executive Director
Board of Regents
505 Sam Houston Building
Austin, Texas 78701

Opinion No. H-628

Re: Authority to supplement
salary of the president
of Angelo State University
from assets derived from
the dissolution of a junior
college district.

Dear Mr. Marburger:

You have requested our opinion concerning the use of funds which were transferred to Angelo State University upon the dissolution of Tom Green County Junior College District. Specifically, you ask whether the interest from such funds may be used to supplement the salary of the president of the University.

These funds were transferred to the University pursuant to section 130.131 et seq., of the Education Code. Section 130.132 provides that such funds "may be used . . . for any lawful purpose. "

In Attorney General Opinion H-553 (1975) we held that the salary of the Executive Director of the Texas Coastal and Marine Council could not be supplemented from funds available pursuant to an inter-agency contract. Our holding was based on article 3, section 44 of the Texas Constitution and article 6813b, V. T. C. S. The former provides in part:

> The Legislature shall provide by law for the
> compensation of all officers, servants, agents
> and public contractors . . .

Article 6813b provides in part:

> [A]ll salaries of all State officers and State
> employees . . . shall be in such sums or
> amounts as may be provided for by the
> Legislature in the biennial Appropriations Act.

We held in Attorney General Opinion H-533:

> . . . the use of the word 'shall' in article 6813b
> indicates that as a general matter salaries set by
> general appropriations bills may not be supplemented.
> However, such a salary may be supplemented where
> authorized by either the appropriations act or by
> general law.

With regard to your question, the Legislature has set the salary of
the president of Angelo State University in the current appropriations act.
Acts 1973, 63rd Leg., ch. 659, p. 2140. Article IV, section 43 of the
act, p. 2157, provides:

> The supplements shown parenthetically after line
> item position titles in the agencies and institutions
> of higher education are intended as information only,
> and it is not the intent of the Legislature that the
> amount shown is required payment in addition to the
> specific appropriation, nor that supplementation is
> prohibited in the absence of such information.

However, a statement that supplementation is not prohibited by the appropria-
tions act does not constitute an authorization to supplement salaries. Accordingly,
since we have discovered no provision in the appropriations act and no statute
authorizing the supplementation of the president's salary, in our opinion it may
not be supplemented with the funds in question. This determination is consist-
ent with section 51.006 of the Education Code, which expresses the Legislative
policy in these circumstances, although that section is not specifically appli-
cable to Angelo State University. Educ. Code, sec. 51.001. But see, Educ.
Code, sec. 96.25. Section 51.006 provides:

> No part of any of the funds listed in Section 51.002
> of this code shall ever be used to increase any salary
> beyond the sum fixed by the legislature in the general
> appropriations act, and the provisions of this sub-
> chapter are subordinate to the general appropriations
> act for the support of each institution.

## SUMMARY

The interest from funds which were transferred to Angelo State University upon the dissolution of Tom Green County Junior College District may not be used to supplement the salary of the president of the University.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee